UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-81719-RAR

**JOSE LUIS REYNA**,

    Plaintiff,

v.

**PALM BEACH COUNTY**, *et al.*,

    Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff, Jose Luis Reyna, a *pro se* pretrial detainee at Palm Beach County Jail, filed a Complaint (purportedly) under 42 U.S.C. § 1983. *See* Form [ECF No. 1]; Complaint [ECF No. 1-1]. In his Complaint, he identifies both state and federal agencies and individual actors as Defendants. *See* Compl. at 1; Form at 2–3. For the following reasons, and consistent with the Court's authority to screen a prisoner's complaint under § 1915A, Plaintiff's Complaint is **DISMISSED** *without prejudice* for failure to state a claim.

## LEGAL STANDARD

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011).

### A.   *The Federal Defendants*

Plaintiff identifies the following federal actors and agencies as Defendants in this action: The Department of Homeland Security (DHS); Secretary for the DHS, Alejandro Mayorkas; Immigration & Customs Enforcement (ICE); and Agent Damian Weston. Compl. at 1; Form at 2–3. As an initial matter, Plaintiff's § 1983 claims against these officials and agencies fail to state a claim because none of them are *state* actors. *See, e.g., Wood v. Kesler*, 323 F.3d 872, 882 n.16 (11th Cir. 2003) (explaining that § 1983 applies to "state actors"). Even if the Court were to reconstrue Plaintiff's claims against the individual federal actors as claims under *Bivens*,[1] Plaintiff

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

still fails to state a claim to relief. This is, in part, because it appears Plaintiff brought this action under a theory of supervisory liability. "Supervisors can be held liable under *Bivens* when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiffs, and his conduct was causally related to the constitutional violation committed by his subordinate." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (cleaned up). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (cleaned up).

Here, the Complaint contains no allegations showing the individual federal actors had a personal role in any constitutional violation against Plaintiff. This, of course, weakens any indication that a causal connection is at issue. To be sure, a causal connection may be shown "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights[.]" *Gonzalez*, 325 F.3d at 1234 (cleaned up). "A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1235.`

After careful review of Plaintiff's Complaint, it appears he advances only bare and conclusory allegations to support the existence of a causal connection, which is not enough to state a claim for relief. *See Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."); *Womack v. Carroll Cty., Ga.*, 840 F. App'x 404, 405 (11th Cir. 2020) ("[W]e need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations.").

Without a sufficiently constructed causal connection or any allegations of personal participation, Plaintiff cannot even begin to show the individual federal actors committed a

constitutional violation. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *cf. Lomax v. Cap. Rental Agency, Inc.*, 427 F. App'x 713, 714 (11th Cir. 2011) ("Although we show leniency to *pro se* litigants, we will not serve as *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

To the limited extent Plaintiff might later argue he is raising a claim against the individual federal actors in their *official* capacities—as opposed to their individual capacities under a theory of supervisory liability—he still has not stated a claim to relief under *Bivens*. *See McNiece v. Town of Yankeetown*, 817 F. App'x 842, 846 (11th Cir. 2020) ("*Bivens* does not apply to a federal officer acting in an official capacity, like the United States Attorney, or to the United States.").

Lastly, as for the claims against the federal agencies, the Court has no jurisdiction to review them "because *Bivens* does not extend to federal agencies." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009). Plaintiff, therefore, has failed to state a claim to relief against these Defendants.

### B.     *The State Defendants*

The other Defendants identified by Plaintiff are: the Mayor of Palm Beach County; Palm Beach County; the Palm Beach County Sherriff's Office (PBSO); and Sheriff Ric Bradshaw of PBSO. Form at 2; Compl at 1.

The Court begins with the claim against Sheriff Bradshaw and the Mayor. Supervisory officials "are *not* liable under section 1983 on the basis of *respondeat superior* or vicarious liability." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994) (emphasis added and cleaned up). "Supervisors can be held 'liable under . . . § 1983, for the unconstitutional acts

of their subordinates if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions . . . and the alleged constitutional deprivation.'" *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)).

Plaintiff has not advanced any allegations establishing Sheriff Bradshaw's personal participation. To establish "a causal connection" under § 1983, much like the supervisory theory against the federal actors under *Bivens*, Plaintiff would have to show "(1) a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation and he failed to do so; (2) the supervisor's improper custom or policy led to deliberate indifference to constitutional rights; or (3) facts support[ing] an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Hendrix*, 535 F. App'x at 805 (cleaned up). Here, Plaintiff's factual allegations regarding a causal connection are simply legal conclusions couched as factual allegations. *See Mamani*, 654 F.3d at 1153 ("Legal conclusions without adequate factual support are entitled to no assumption of truth."). Thus, his supervisory liability claims against Sheriff Bradshaw and the Mayor fail to state a claim. *See Michel*, 816 F.3d at 694 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Hendrix*, 535 F. App'x at 805 (defining "a causal connection").

Finally, since Plaintiff has not advanced sufficient facts to support the existence of an unconstitutional custom or policy, his legal contentions that one exists fail to support an official capacity claim against any of the state Defendants. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the [constitutional] injury . . . the government as an entity is responsible under § 1983."). In short, Plaintiff has failed to state a claim upon which relief can be granted against all Defendants. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106–07 (11th Cir. 2015) ("To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Iqbal*, 556 U.S. at 678).

### C. State Law Claims

Plaintiff also appears to raise claims rooted in state law. Compl. at 13. However, all other claims have been dismissed; in addition, because the parties appear to reside in the same State, *see* Compl. at 1–3; Form at 2–3, they do not sit in diversity, *see generally* 28 U.S.C. § 1332(a).

"Federal courts have 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.'" *Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). But "district courts may decline to exercise supplemental jurisdiction over a claim" for a variety of reasons, including when it "has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). As previously mentioned, Plaintiff has failed to state a claim for relief, and Defendants presumably all reside in the same State. The Court, therefore, declines to exercise jurisdiction over Plaintiff's state law claims.

### LEAVE TO AMEND

The Court need not afford leave to amend in this case. Of course, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action *with prejudice*." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled on other grounds by Wagner v. Daewoo*

*Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002). But here, the dismissal is clearly *without* prejudice. However, if a dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up). Accordingly, before dismissing a *pro se* prisoner's case without prejudice, the Court must satisfy itself that the dismissal will not preclude the prisoner from refiling his claims "due to the running of the statute of limitations." *See id.* The Court has made that determination here.

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002). "[T]he statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A "cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.* Claims under *Bivens* that transpired in Florida are subject to the same four-year limitations period and accrual principles. *See, e.g.*, *Keira v. U.S. Postal Inspection Serv.*, 157 F. App'x 135, 136 (11th Cir. 2005). Based on Plaintiff's allegations, the events giving rise to his claims accrued as early as October 30, 2020, *see* Compl. at 9, so he has approximately three years to file a better version of his Complaint. Accordingly, this dismissal will not prejudice him.

## CONCLUSION

Having carefully reviewed the Complaint, the record, and governing law, it is hereby **ORDERED and ADJUDGED** that the Complaint [ECF No. 1] is **DISMISSED** *without prejudice*

to refiling in a separate action. Any pending motions are **DENIED** as moot. All deadlines are **TERMINATED**. Accordingly, the Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of September 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Jose Luis Reyna, *pro se*